*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MISHELLE KENNEDY,

Plaintiff-Appellee,

v

STATE OF MICHIGAN,

Defendant-Appellant.

UNPUBLISHED
May 16, 2019

No. 343010
Court of Claims
LC No. 17-000324-MZ

Before: SWARTZLE, P.J., and M. J. KELLY and TUKEL, JJ.

PER CURIAM.

Defendant, the state of Michigan, appeals by right the order of the Court of Claims denying its motion for summary disposition. In December 2017, plaintiff filed a complaint alleging that defendant unreasonably refused to provide her with personal protection insurance (PIP) benefits for injuries she sustained during and in the course of her employment with defendant. Defendant moved for summary disposition based on governmental immunity under MCR 2.116(C)(7), alleging that plaintiff failed to comply with the notice requirements of the Court of Claims Act (CCA), MCL 600.6401 *et seq*. The Court of Claims held that plaintiff's claim did not accrue until defendant informed her that it would stop paying PIP benefits and that plaintiff timely filed her claim within six months of that date as required under MCL 600.6431(3). We affirm.

## I. BACKGROUND

In May 2015, plaintiff, a state of Michigan employee, was involved in an automobile accident while driving a state-owned vehicle. Plaintiff suffered injuries because of the accident and sought PIP benefits from defendant. Plaintiff received PIP benefits administered by a third party on behalf of defendant from May 2015 through January 2017. In August 2017, the third-party administrator of the PIP benefits sent a letter to plaintiff's attorneys informing them that the Attorney General's Office was denying any further payment of PIP benefits to plaintiff because that office believed plaintiff was not disabled. In December 2017, plaintiff filed a complaint in the Court of Claims, alleging that she was entitled to PIP benefits from defendant

and that defendant unreasonably refused to pay or unreasonably delayed making proper payments.

Defendant moved for summary disposition, alleging that plaintiff had not complied with the requirements of MCL 600.6431, which provides, in relevant part:

(1) No claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the state or any of its departments, commissions, boards, institutions, arms or agencies . . . .

* * *

(3) In all actions for property damage or personal injuries, claimant shall file with the clerk of the court of claims a notice of intention to file a claim or the claim itself within 6 months following the happening of the event giving rise to the cause of action.

In the Court of Claims, defendant argued that "the happening of the event giving rise to" plaintiff's claim was the car accident in May 2015. Defendant argued, therefore, that plaintiff was required to file a notice of intent to file a claim or the claim itself within six months from that date. In contrast, plaintiff argued that the event that gave rise to her cause of action was defendant's denial of PIP benefits in August 2017, and that she filed her complaint within the six-month limitations period.

The Court of Claims denied defendant's motion for summary disposition, concluding that "plaintiff's cause of action [arose] out of defendant's decision to discontinue PIP benefits," and, therefore, her claim accrued in August 2017. The Court of Claims further noted that if it adopted defendant's position that plaintiff's claim accrued on the date of the car accident, "it would mean that plaintiff . . . could only pursue a claim if she: (a) filed a complaint for the denial of PIP benefits *while defendant was still paying PIP benefits*; or (b) gave notice of her intent to file a claim for the denial of PIP benefits *while defendant was still paying PIP benefits*."

II. ANALYSIS

We review de novo a trial court's decision on a motion for summary disposition. *Mays v Governor*, 323 Mich App 1, 24; 916 NW2d 227 (2018). Likewise, this Court reviews de novo questions of statutory interpretation. *Id.* at 24-25.

While governmental agencies are generally immune from tort liability, the government "may voluntarily subject itself to liability and may also place conditions or limitations on the liability imposed." *Id*. at 25-26 (cleaned up). MCL 600.6431 places one such condition on suits against the state of Michigan. *Mays*, 323 Mich App at 26. MCL 600.6431(3) requires that in cases involving personal injury, the claimant must file "a notice of intent to file a claim or the claim itself within 6 months following the happening of the event giving rise to the cause of action." This notice requirement "is an unambiguous condition precedent to sue the state," and

-2-

courts may not "reduce the party's obligation to comply fully with the statutory notice requirements." *Mays*, 323 Mich App at 27 (cleaned up). Therefore, "a claimant's failure to strictly comply" with the statute "warrants dismissal of the claim." *Id*.

The parties do not dispute that plaintiff's claim is one for personal injuries and that the six-month notice requirement of MCL 600.6431(3) applies. The sole issue is which event— plaintiff's car accident or defendant's denial of PIP benefits—gave rise to plaintiff's claim. Defendant claims that the event that gave rise to plaintiff's claim was her car accident. We disagree.

In *Bauserman v Unemployment Ins Agency*, __ Mich __; __ NW2d __ (2019) (Docket No. 156389) our Supreme Court considered the language of MCL 600.6431(3) in the context of the plaintiffs' due-process claims against a state agency. The Court specifically examined whether the plaintiffs in that case filed their complaint or notice of intent to sue "within 6 months following the happening of the event giving rise to the cause of action," as required by MCL 600.6431(3). *Id*. at __; slip op. at 9-10. The Court concluded that an event gives rise to a cause of action "when it triggers a person's ability to obtain a remedy in court." *Id*. at __; slip op. at 10. The Court explained that "the happening of the event giving rise to the cause of action" was synonymous with "when a claim accrues," and that a claim accrues "at the time the wrong upon which the claim is based was done regardless of the time when damage results." *Id*. at __; slip op. at 11. In turn, the wrong upon which the claim is based is the date on which the defendant's actions "harmed the plaintiff, as opposed to the date on which defendant breached his duty." *Id*. (cleaned up).

In this case, plaintiff was in a car accident in May 2015 and received PIP benefits from defendant between July 2015 and January 2017. In August 2017, the benefits administrator informed plaintiff's attorneys that the Attorney General's Office was denying the payment of further PIP benefits to plaintiff. In December 2017, plaintiff filed suit against defendant for unreasonably delaying or refusing to pay benefits. The relief plaintiff sought was "no fault-benefits that are past due and presently owed." As plaintiff's complaint makes clear, the relevant and actionable harm in this case is defendant's allegedly improper termination of her PIP benefits, not the initial car accident. See *Frank v Linkner*, 500 Mich 133, 150; 894 NW2d 574 (2017). Plaintiff's claim arose when she first could have sought a remedy, which did not occur until defendant denied her benefits.

Our Legislature has defined the date of accrual of a claim more broadly than defendant proposes in this case. The date on which defendant harmed plaintiff is when it informed her that she would no longer receive PIP benefits. See *Mays*, 323 Mich App at 28. A determination that plaintiff's claim arose on the date of the car accident would require plaintiff to have filed suit or provided notice of her intent to file at a time when defendant itself had no reason to know that it would discontinue plaintiff's PIP benefits more than a year later. See *id*. at 27-28. As our Supreme Court has explained, the limitations period for a cause of action does not begin to run until all elements of the claim exist. *Bauserman*, __ Mich at __; slip op. at 10-11. It would have been impossible for plaintiff to make a claim for damages against defendant for denial of PIP benefits within six months of the underlying car accident because at that time defendant was still paying her PIP benefits. See *Mays*, 323 Mich App at 28-29.

Finally, the Insurance Code of 1956, MCL 500.100 *et seq.*, provides a specific statute of limitations for recovery of PIP benefits. MCL 500.3145. Normally, a claimant may not bring an action for recovery of PIP benefits more than one year after the date of the accident causing injury. MCL 500.3145(1). If "the insurer has previously made a payment" of PIP benefits for the injury, however, an action "may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred." *Id*. As the Court of Claims correctly noted,

> the no-fault act describes a limitations period for actions for the recovery of PIP benefits, generally, and contains an express exception for scenarios where the insurer has previously made a payment of [PIP] benefits for the injury. The act of making payment creates a different period for filing an action and a different accrual date for actions involving PIP benefits. [Cleaned up.]

This provision supports our conclusion that plaintiff's claim accrued on the date she was denied further PIP benefits, not on the date of the underlying car accident.

In sum, accepting all well-pleaded factual allegations as true and construing them in favor of plaintiff, the Court of Claims correctly determined that the event that gave rise to plaintiff's claim was her receipt of notice of defendant's decision to deny further payment of PIP benefits. Plaintiff filed her claim within six months of that date in compliance with the notice requirements of MCL 600.6431(3). Therefore, the Court of Claims properly denied defendant's motion for summary disposition based on governmental immunity under MCR 2.116(C)(7).

Affirmed.

/s/ Brock A. Swartzle
/s/ Michael J. Kelly
/s/ Jonathan Tukel